UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BP WEST COAST PRODUCTS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>HATEM SHALABI, et al.,<br><br>    Defendants. | CASE NO. C11-1341 MJP<br><br>ORDER DENYING DEFENDANTS'<br>MOTION TO DISMISS |

This matter comes before the Court on Defendants' motion to dismiss. (Dkt. No. 16.) Having reviewed the motion, opposition (Dkt. No. 37), and all related documents, the Court DENIES the motion.

**Background**

Plaintiff BP West Coast Products LLC ("BP") filed suit against Defendant Hatem Shalabi and various corporate entities affiliated with him, alleging, among other things, that Defendants have violated certain franchise agreements and deed restrictions. BP allegedly sold Defendant Shalabi eighteen service stations at below market value in exchange for a requirement that Defendants enter into franchise agreements mandating the sale of Arco-branded gasoline and the

operation of ampm minimarkets.  As alleged, BP conveyed title to most of the properties by special warranty deed containing a restrictive convent that requires Defendants to sell Arco gasoline and operate an ampm minimarket on each site.  BP alleges that Defendants have ceased to sell BP granted gasoline in violation of restrictive covenants contained in special warranties.  Through this action, BP seeks to enforce the deed restrictions.  Defendants move to dismiss all claims to enforce the deed restrictions on the theory that BP lacks standing and that BP has failed to state a claim.

**Analysis**

A.     Standard

Rule 12(b)(1) permits a party to challenge the Court's subject matter jurisdiction and raise questions as to standing.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  All allegations in the complaint are taken as true and construed in favor of the nonmoving party.  Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).  To establish Article III standing, plaintiffs must show that they (1) suffered an injury in fact that is (2) fairly traceable to the alleged conduct of the defendant, and that is (3) likely to be redressed by a favorable decision.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

A motion to dismiss filed pursuant to Rule 12(b)(6) tests the sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)).  The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.

B.     Standing

Defendants argue BP lacks standing to enforce the restrictive covenants because it no longer has an interest in the properties. The Court disagrees.

Defendants' argument relies entirely on one case whose holding is limited to easements appurtenant. See Lakewood Racquet Club, Inc. v. Jensen, 156 Wn. App. 215 (2010). In Lakewood, the creator of a covenant sold a portion of a parcel of his land to a third party for the restricted purpose of building tennis-related facilities. Id. at 218-19. After he died, his heirs sold the remainder of his land that was appurtenant to the tennis facilities. Id. at 219-20. The court held that the heirs had no standing to enforce the covenant because they had relinquished their interest in the land benefitted by the covenant. Id. 156 Wn. App. at 224. The decision turned on the fact that the covenant provided benefits that were appurtenant, and not held "in gross." It bears noting that "[a]n easement in gross directly benefits one person, and [an] easement appurtenant benefits a particular piece of property." M.K.K.I., Inc.v. Krueger, 135 Wn. App. 647, 655 (2006). The heirs in Lakewood lacked standing to enforce the covenant because it benefited the land they had sold, rather than the heirs personally. Lakewood, 156 Wn. App. at 228. The holding in Lakewood as to standing is thus limited to covenants where the benefits are appurtenant and not held in gross. The court clarified that benefits held in gross give the holder "'a legitimate interest in enforcing the covenant,' regardless of whether they still own the benefited land." Id. at 227 (quoting Restatement (Third) of Property: Servitudes, § 8.1). The court even clarified that its ruling "does not interfere with the enforcement of consensual private land use arrangements as long as the benefited party still has a justiciable interest in enforcement." Id. at 228.

The holding in Lakewood is not relevant to the matter before the Court because the restrictive covenants here give BP benefits held in gross, not benefits that are appurtenant. There

is no doubt that the deed restrictions give BP benefits held in gross.  BP sold each parcel of land entirely to Defendants while retaining a right to require conformity with the limitations in the restrictive covenants.  There is no dominant and servient estate, as there was in <u>Lakewood</u>.  The servitude BP created is held in gross, making the holding in <u>Lakewood</u> as to standing inapposite.  BP has retained a justiciable interest to enforce the deed restrictions regardless of its ownership of the land.  See <u>Lakewood</u>, 156 Wn. App. at 227-28 (recognizing that owners of easements in gross retain a justiciable interest in enforcement of deed restrictions regardless of land ownership).  BP has standing to enforce the deed restrictions.  The Court DENIES the motion as to standing.

C.   <u>Failure to State a Claim</u>

Defendants argue that BP has failed to state a claim because it has not pleaded any facts establishing its ownership interest in any land benefitted by the deed restrictions.  (Dkt. No. 16 at 6.)  This is a corollary argument to Defendants' erroneous assertion that BP lacks standing to enforce the deed restrictions.  As explained above, BP does not need to possess any benefitted land to enforce the deed restrictions because it retained benefits held in gross, not appurtenant.  The Court DENIES the motion to dismiss for failure to state a claim.

**Conclusion**

The Court finds no merit in Defendants' attack to BP's standing to enforce the deed restrictions.  BP has not failed to state a claim.  The Court DENIES the motion to dismiss.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 14th day of October, 2011.

Marsha J. Pechman
United States District Judge

ORDER DENYING DEFENDANTS' MOTION TO DISMISS- 4