1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE
9

10    BP WEST COAST PRODUCTS, LLC,           CASE NO. C11-1341 MJP

11                         Plaintiff,        ORDER GRANTING IN PART AND
                                             DENYING IN PART MOTION TO
12           v.                              EXCLUDE EXPERTS

13    HATEM SHALABI, et al.

14                         Defendants.

15

16           THIS MATTER comes before the Court on Plaintiff's motion to strike Defendant's

17    expert witnesses. (Dkt. No. 97.) The Court considered the motion, Defendant's response (Dkt.

18    No. 99), Plaintiff's reply (Dkt. No. 103) and all related documents. The Court GRANTS the

19    motion in part and STRIKES expert witnesses Cuneo and Pennington. The Court DENIES the

20    motion to strike expert witness Schiller, but limits his testimony to the nature and value of legal

21    services rendered.

22

23

24

**<u>Background</u>**

Plaintiff BP seeks to exclude Defendants' expert witnesses because they were improperly disclosed under Fed. R. Civ. P. 26(a)(2)(C)(ii), which applies to unretained experts and requires a party to disclose (1) a summary of each expert's opinions and (2) the facts supporting those opinions. (Dkt. No. 97 at 2.) BP asks the experts be excluded pursuant to Fed. R. Civ. P. 37(c)(1), which says if a party fails to identify a witness as required by Fed. R. Civ. P. 26(a), the party may not use the witness in trial unless the failure to properly disclose was (1) substantially justified, or (2) harmless. (Dkt. No. 97 at 3.)

Defendants disclosed three expert witnesses on the expert disclosure deadline of March 11, 2013. (<u>Id</u>. at 1.) Marty Cuneo and Stuart Pennington were identified as likely to give expert opinions "regarding the field of franchise relationships, in particular ARCO franchise relationships; zone pricing and gasoline delivery" and Defense counsel David Schiller was identified to testify "with respect to attorneys fees." (Dkt. No. 91 at 1-2.) In response to Plaintiff's motion to exclude the experts, Defendants submitted an amended designation of experts. (Dkt. No. 99-1.) Defendants expanded Pennington's description to note his opinions and factual bases for them will be "substantially similar to those expressed in his Declaration (Dkt. 18-4) previously filed" while leaving Cuneo's description untouched. (Dkt. No. 99-1 at 1-2.) Defendants expand Schiller's description to note his opinions will be "based on time spent by Defendants' counsel at his customary hourly rate of $450.00 per hour" and that his fees are reasonable and necessary. (<u>Id</u>. at 2.)

Defendants argue any failure to disclose was harmless to BP, and justified as duplicative of information already disclosed, "at least to the extent Pennington's expert opinions and the factual bases for them are substantially similar to those expressed in his Declaration." (Dkt. No.

1   99 at 1-2.) Defendants argue Plaintiff cannot claim surprise, prejudice or other harm by Defense

2   counsel serving as an expert on attorney's fees, as it is customary in litigation for such testimony

3   to occur. (Id. at 2.) Defendant makes no argument as to Cuneo. Plaintiff argues the descriptions

4   are deficient despite Defendants' late and minor additions. (Dkt. No. 103 at 2.) Plaintiff says the

5   vague statement that Pennington's opinions will be "substantially similar" to his declaration

6   leaves the door open for Pennington to discuss matters not yet disclosed, and further,

7   Pennington's declaration contains no discernible opinions or facts supporting opinions. (Id. at 3.)

8   **Analysis**

9      A.  Justified or Harmless Exceptions

10          The 9th Circuit holds a party facing Fed. R. Civ. P. 37(c)(1) sanctions has the burden to

11   prove harmlessness. Yeti by Molly, Ltd. V. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th

12   Cir. 2001).  District courts have particularly wide latitude in deciding whether sanctions are

13   appropriate under Fed. R. Civ. P. 37(c)(1). Bess v. Cate, 422 Fed. Appx. 569, 571 (9th Cir.

14   2011). Courts may consider "(1) prejudice or surprise to the party against whom the evidence is

15   offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the

16   trial; and (4) bad faith or willfulness involved in not timely disclosing evidence" in determining

17   if inadequate expert disclosure falls into the justified or harmless exception to Fed. R. Civ. P.

18   37(c)(1). Lanard Toys, Ltd. V. Novelty, Inc., 375 Fed. Appx. 705, 713 (9th Cir. 2010).

19          Defendants' failure to provide more than a one sentence description of Cuneo or

20   Pennington's testimony is not justified or harmless. The descriptions provided leave Plaintiff no

21   way of preparing to oppose the witnesses. Defendants' rationale of "substantial" similarity to an

22   already submitted declaration vindicating Pennington's expert disclosure is inadequate.

23   Defendants do not limit Pennington's testimony to the declaration, and there is opportunity for

24

1  undisclosed facts to arise. Because the inadequate disclosures are not harmless or justified,

2  Cuneo and Pennington are excluded as experts.

3      B.  Attorney as Expert Witness

4      Local Civil Rule 83.3(a)(2) requires all attorneys practicing in the Western District of

5  Washington to comply with Washington Rules of Professional Conduct.  Rule 3.7 of the

6  Washington Rules of Professional Conduct says a lawyer shall not act as an advocate at a trial in

7  which the lawyer is likely to be a necessary witness, unless the testimony relates to an

8  uncontested issue, the nature and value of legal services rendered in the case, disqualification of

9  the lawyer would work substantial hardship on the client, or the lawyer has been called by the

10  opposing party and the court rules that the lawyer may continue to act as an advocate.

11      Mr. Schiller is the attorney representing Defendants in this case, and plans to call himself

12  as an expert witness "with his opinions being that Defendants/Counter-Plaintiffs attorneys' fees

13  in this cause… are reasonable and necessary." (Dkt. No. 99-1 at 2.) To the extent Schiller intends

14  to argue his fees are "reasonable" or necessary, he is prohibited from doing so by Rule 3.7.

15  While counsel can testify on the "nature and value" of his legal services while serving as an

16  advocate in the case, he oversteps Rule 3.7 when he testifies his fees are objectively reasonable

17  or necessary.  Schiller is not excluded as an expert witness, but his testimony is limited to the

18  nature and value of his legal services provided.

19                    **Conclusion**

20      The inadequate disclosures of experts Cuneo and Pennington are not harmless or

21  justified. The Court GRANTS the motion in part and STRIKES expert witnesses Cuneo and

22  Pennington. The Court DENIES the motion to strike expert witness Schiller, but limits his

23  testimony to the nature and value of legal services rendered.

24

ORDER GRANTING IN PART AND DENYING IN
PART MOTION TO EXCLUDE EXPERTS- 4

1    The clerk is ordered to provide copies of this order to all counsel.

2    Dated this 18th day of April, 2013.

3

4

5                                                    _____
                                                     Marsha J. Pechman
6                                                    Chief United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING IN PART AND DENYING IN
PART MOTION TO EXCLUDE EXPERTS- 5