UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BP WEST COAST PRODUCTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HATEM SHALABI, et al.,<br><br>Defendants. | CASE NO. C11-1341 MJP<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION |

THIS MATTER comes before the Court on Defendants' motion to reconsider the Court's order granting sanctions and dismissing Defendants' counterclaims. (Dkt. No. 132.) The Court issued an order requesting a response from the Plaintiff and ordering pro hac vice Defense Counsel David Schiller to show cause why sanctions should not be shifted to him personally. (Dkt. No. 135.) The Court considered the motion for sanctions, Plaintiff's response (Dkt. No. 140), Mr. Schiller's response (Dkt. No. 143), and all related documents. The Court GRANTS in part and DENIES in part the motion to reconsider. The Court GRANTS the motion as to the Court's failure to fully address the required legal analysis, and issues an Amended Order at Docket Number 150 to correct the error. Finding the outcome unchanged and no other good

ORDER GRANTING IN PART AND DENYING IN
PART MOTION FOR  RECONSIDERATION- 1

cause to alter the result, the Court DENIES the motion in regards to lifting or altering the imposed sanction of dismissal.

Under Local Rule 7(h), "[m]otions for reconsideration are disfavored." LR 7(h). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id.; see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma, 571 F.3d 873, 880 (9th Cir. 2009)(finding a motion for reconsideration warranted only when a district court is presented with newly discovered evidence, committed clear error, or when there is an intervening change in the controlling law). Defendants present two issues to support their motion: (1) the Court did not fully address the 9th Circuit standard for dismissing claims as a sanction, and (2) the party at fault was Defense Counsel David Schiller, not Defendants. (Dkt. No. 132 at 1-2.)

The Court agrees it did not make the full legal analysis encouraged by the 9th Circuit when dismissing claims as a sanction. However, with or without the full analysis, the Court finds the sanction of dismissal appropriate. To better support its conclusion the Court issues an Amended Order (Dkt. No. 150), but alteration of the outcome is not warranted. As to Defendants' second argument, the Court finds reconsideration unwarranted based on the notion Defense Counsel, and not Defendants, is at fault.

## Analysis

Local Counsel brings forth in his motion to reconsider the argument pro hac vice counsel, Mr. Schiller, was primarily or entirely responsible for Defendants' bad faith and sanctionable behavior during discovery. (Dkt. No. 132 at 2.) Local Counsel claims Named Defendant Hatem Shalabi made all documents relevant to the case available to Mr. Schiller early in the litigation,

1 | was not informed of discovery deadlines, and did everything in his power to timely comply with
2 | discovery obligations. (Id.) Defendant Shalabi submits in his declaration all of the behavior the
3 | Court based its Order for sanctions on, including failure to properly respond to interrogatories,
4 | failure to produce documents, and failure to attend his own deposition, were "the sole fault of
5 | Pro Hac Vice Counsel David Schiller." (Dkt. No. 133 at 2.)

6 | The Court asked Mr. Schiller to respond. (Dkt. No. 135.) In his response, Mr. Schiller
7 | indicated Defendants' statements regarding Mr. Schiller's fault were false, Defendants and Local
8 | Counsel Adam Birnbaum were aware of and capable of responding to discovery requests, and
9 | named Defendant was purposefully avoiding his deposition. (Dkt. No. 143 at 3.) Troublingly,
10 | Mr. Schiller states Defendants attempted to offer him financial compensation in order to support
11 | a version of the facts that might support reconsideration of this Court's earlier Order dismissing
12 | Defendants' counterclaims. (Id. at 6.)

13 | Federal Rule of Civil Procedure 37 allows sanctions for abuses during discovery to be
14 | imposed on the party, the attorney, or both. Business Guides v. Chromatic Communications
15 | Enters., 892 F.2d 802, 810 (9th Cir. 1989), quoting, Fed. R. Civ. P. 11 advisory committee's
16 | note.  The law is clear a client cannot avoid sanctions by blaming their attorney for the conduct
17 | the court is sanctioning. Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962). The 9th Circuit
18 | has repeatedly found a sanction that penalizes a party where counsel is at fault is still
19 | appropriate, because a client chooses his counsel and cannot avoid the consequences of the
20 | actions or omissions of his freely selected agent. United Artists Corp. v. La Cage Aux Folles,
21 | Inc., 771 F.2d 1265, 1271 (9th Cir. 1985). While the record is far from clear as to the division of
22 | culpability between Defendants and Mr. Schiller as Defense Counsel, even if Defendants were
23 | able to entirely shift the blame to Defense Counsel altering the sanction of dismissal would not
24 |

be warranted. Defendants cannot escape the consequences of their conduct simply because they were acting through their attorney, and there are no grounds for reconsideration based on this argument.

## **Conclusion**

The argument that Defendants are blameless and all failings are attributable to their chosen counsel is without merit and does not support reconsideration. For this reason, the motion for reconsideration is DENIED in part. The Court GRANTS the motion insofar as it issues an Amended Order (Dkt. No. 150) to properly address the legal standard for dismissal of claims as a sanction.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 19th day of June, 2013.

Marsha J. Pechman
Chief United States District Judge