UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BP West Coast Products LLC,

                Plaintiff,

    v.

Hatem Shalabi, et al.,

                Defendant.

CASE NO. 11-1341 MJP

ORDER ON MOTION TO QUASH
SUBPOENA IN A CIVIL CASE
DIRECTED TO THIRD-PARTY
UNITED CENTRAL BANK

     THIS MATTER comes before the Court on third-party United Central Bank's motion to quash subpoena in a civil case. Upon consideration of the motion (Dkt. No. 166), Defendant's response (Dkt. No. 169), the reply (Dkt. No. 173), and all related documents, the motion to quash is DENIED.

## Background

     In August 2013, this Court ordered Defendant to pay Plaintiff over $2,000,000.00 in damages. (Dkt. No. 154 at 6, Dkt. No. 156, Dkt. No. 163 at 1.) In an alleged attempt to track Defendant's assets, Plaintiff served third-party United Central Bank ("UCB") with a subpoena

1   seeking information on a promissory note issued by Defendant's entities and held by UCB ("the

2   contested subpoena"). (Dkt. No. 166 at 1.)

3   **Analysis**

4   **I.    Jurisdiction over motion to quash**

5       Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 45 governs motions to quash

6   subpoenas. Amendments effective December 2013 clarify the mechanics around subpoena issue

7   and challenge. See, Fed. R. Civ. P. 45 advisory committee's note, 2013 amendment. Now, the

8   Court where the action is pending issues the subpoena, while a party seeking to quash, modify,

9   or compel compliance must file a motion with "the court for the district where compliance is

10  required." Fed. R. Civ. P. 45(d)(2), (3).

11      Federal Rule of Civil Procedure 45(c) defines the place of compliance. It establishes the

12  geographic boundaries of a subpoena's power to command performance and a Court's authority

13  to compel. The place of compliance with a subpoena for a non-party is limited to 100 miles

14  beyond a person's residence, employment, or place where (s)he "regularly transacts business in

15  person." Fed. R. Civ. P. 45(c)(1)(A).

16      The contested subpoena commands deposition attendance in Dallas, Texas (Dkt. No. 167-

17  1, Exhibit A) and production of documents stored in a file room in Garland, Texas. (Dkt. No. 168

18  at 2.) UCB is a self-described "Texas based community bank" (Dkt. No. 166 at 2), UCB's

19  registered agent received the subpoena in Garland, Texas (Dkt. No. 171-1, Exhibit 6), and

20  UCB's return address on Defendant's loan payoff statement is Garland, Texas (Dkt. No. 171-1,

21  Exhibit C). Thus, the record indicates that the place of compliance is within a 100 mile radius of

22  Garland or Dallas, Texas. This Court is more than 100 miles from Texas; it is not in the district

23  where compliance is required.

24

1        Federal Rule of Civil Procedure 45(f) permits a transfer from the court of compliance to

2  the issuing court under certain circumstances. Here, no such transfer occurred. This Court is not

3  in the district where compliance is required and the motion was not properly transferred here.

4  Thus, this Court lacks jurisdiction over the motion to quash. See, <u>KGK Jewelry LLC v. ESD</u>

5  <u>Network, 2014 U.S. Dist. LEXIS 38630, at *8 (S.D.N.Y. Mar. 21, 2014)</u> (discussing post-2013

6  Fed. R. Civ. P. 45 and dismissing motion to quash for lack of jurisdiction; court not located in

7  district of compliance).

8                                     **Conclusion**

9        Federal Rule of Civil Procedure 45 requires a motion to quash a subpoena to be filed with

10  the Court in the district where compliance is required. This Court is not in the district where

11  compliance with the contested subpoena is required. Therefore, this Court lacks jurisdiction to

12  consider the motion to quash. United Central Bank's motion to quash is DENIED.

13

14        The clerk is ordered to provide copies of this order to all counsel.

15  Dated this _10ᵗʰ_ day of June, 2014.

16

17

                                      Marsha J. Pechman

18                                  United States District Judge

19

20

21

22

23

24